IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | | |
|---|---|---|
| CATERPILLAR, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| CHARLES WILHELM and GLORIA | ) | Case no. 08-2020 |
| WILHELM, individually and as | ) | |
| Administrators of the Estate of Matthew | ) | |
| Charles Wilhelm, deceased, | ) | |
| | ) | |
| Defendants. | ) | |

**RULE 12(b)(6) MOTION TO DISMISS
BY ESTATE OF MATTHEW CHARLES WILHELM**

COME NOW Charles Wilhelm and Gloria Wilhelm, as co-administrators of the Estate of Matthew Charles Wilhelm, by their attorneys, Joseph W. Phebus and Ryan R. Bradley of the law firm of Phebus & Koester, and pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, move to dismiss the Amended Complaint against them as administrators of estate, and in support thereof state:

A.    **Summary Plan Description**

1.    The plaintiff's claim against the estate as a participant in the benefit plan as a matter of law is limited not only by the terms and conditions of the benefit plan as properly promulgated, but is further limited by the written documents (typically the summary plan description) that were required to be given to the defendants' decedent. E.g., *MERS v. Marriott International Group Accidental Death and Dismemberment Plan*, 144 F.3d 1014 (7th Cir. 1997). See also 29 U.S.C. Sec. 1021 which mandates that a plan participant be provided with a summary plan description.

2.      The Amended Complaint fails to allege and specifically identify and incorporate by reference or set forth verbatim what purported plan document (summary plan description or otherwise) was given to Matthew Charles Wilhelm and is accordingly defective.

3.      Absent the allegations of delivery and the attachment of the documents allegedly delivered, the complaint is defective even as to proceeds recovered from third party tortfeasors that are the property of the estate.

**B.      Proceeds from a private insurance contract not owned by plan beneficiary are not subject to a claim of the benefit plan.**

1.      The Amended Complaint in paragraph 17 purports to assert a claim against proceeds received under a insurance policy issued to Charles Wilhelm and Gloria Wilhelm.

2.      In that Charles Wilhelm and Gloria Wilhelm are not plan beneficiaries, the plaintiff cannot impose terms, conditions and limitations against benefits received by virtue of their private separate agreement with an insurance carrier, and accordingly, paragraph 17 and all portions of the Amended Complaint seeking to recover as to the proceeds of Charles Wilhelm and Gloria Wilhelm's insurance policy must be stricken. Attached hereto as Exhibit 1 is a copy of the declaration page of Charles Wilhelm and Gloria Wilhelm's insurance policy with Indiana Insurance Company under which underinsured motorist benefits were paid, which policy is referred to in paragraph 17 of the Amended Complaint.

**C.      Wrongful Death Proceeds.**

1.      The claim asserted by the Amended Complaint is not limited to monies received by or claims belonging to the estate for its own benefit, but rather purports to

assert a claim against all claims belonging to and all funds received by the estate including those covered by the Illinois Wrongful Death Act, 740 ILCS 180/1, *et seq*.

2.    While claims under the Wrongful Death Act are brought by the personal representative, "the amount recovered in any such action shall be for the **exclusive** benefit of the surviving spouse and next of kin of such deceased person"; 740 ILCS 180/2 (emphasis added); and accordingly, all claims against the wrongful death proceeds as allocated by the probate court should be stricken. *Liberty Corporation, as Sponsor & Administrator for Liberty Corporation Medical Benefits Plan v. NCNB National Bank of South Carolina, as Personal Representative for the Estate of John M. Bristow*, 984 F.2d 1383 (1993); *Diamond Crystal Brands, Inc., in its capacity as fiduciary as Plan 501, etc., v. Wallace, in his capacity as the Administrator of the Estate of Deborah L. Hayes, Tamara Hayes, individually, et al.*, 2008 WL 223248 (N.D.Ga. January 22, 2008).

A.    Beyond peradventure of doubt, the plaintiff is not a "next of kin" of the decedent.

B.    As to Matthew Charles Wilhelm, he left no spouse but next of kin who consisted of his father, Charles Wilhelm; his mother, Gloria Wilhelm; and his siblings, Bradley J. Wilhelm, Jeffrey M. Wilhelm and Lisa A. Wilhelm. See probate court order of January 11, 2008, a copy of which is attached hereto as Exhibit 2. Said order also allocates the settlement of the monies received from Charles Wilhelm and Gloria Wilhelm's insurance policy among the next of kin.

C.    The probate court has heretofore on June 29, 2007, allocated the settlement with Jennifer Stark between the wrongful death claim and all other claims and allocated the wrongful death claim among the next of kin. Said order is attached hereto as Exhibit 3.

**D.    The plaintiff is collaterally attacking a valid state court order.**

1.    The Amended Complaint is an improper collateral attack upon a state probate court's allocation of monies to a wrongful death claim and for this additional reason must be dismissed.

2.    Prior to February 19, 2008, the estate had received no lien claim from Caterpillar, Inc. for the benefit plan (For that matter, it does not concede it has ever received a valid lien claim from Caterpillar, Inc., or the benefit plan).  Rather, it received a communication dated February 9, 2007, from Ingenix purporting to be on behalf of UnitedHealthcare Services, and thereafter received a letter from Ingenix dated May 31, 2007, that contained the reference "Group/Client: Caterpillar/UnitedHealthcare Services". A copy of the letter of February 9, 2007 is attached hereto as Exhibit 4 and a copy of the letter of May 31, 2007 is attached hereto as Exhibit 5.  Accordingly:

> A.    On June 5, 2007, the estate gave notice to Ingenix of the hearing of June 29, 2007, wherein the settlement with Jennifer Stark was allocated.  A copy of the notice is attached hereto as Exhibit 6.

> B.    On December 11, 2007, the estate gave notice to Ingenix of the hearing of January 9, 2008, wherein the proceeds of the underinsured motorist insurance were allocated.  A copy of the notice is attached hereto as Exhibit 7.

> C.    Other than the aforesaid communications, the estate received no communications from Ingenix, Caterpillar, the benefit plan or any representative of them until on or about January 3, 2008 when one of Caterpillar's attorneys herein, Douglas Belofsky, left a telephone message for one of the estate's attorneys, Joseph W. Phebus, to call him. Mr. Phebus was out of the office and returned on January 7, 2008.  Mr. Phebus returned the call on January 8, 2008 at 10:07 a.m. In the telephone conversation, Mr. Belofsky requested that the hearing scheduled for January 9, 2008 be vacated to which request Mr. Phebus advised that he could

not agree as notice had been given to other interested parties and that accordingly the hearing would proceed on January 9, 2008.

D.  Neither Ingenix, Caterpillar, Inc., or the benefit plan or anyone on their behalf filed an appearance, appeared or filed an objection in court to the estate's proposed allocation of proceeds.

**E.  <u>Charles and Gloria Wilhelm as individuals are not proper parties.</u>**

The Amended Complaint attempts to assert a claim against Charles Wilhelm and Gloria Wilhelm individually. For the reasons set forth in their motion filed individually, there is no basis for a claim against them and the claim against them individually should be dismissed with prejudice.

> CHARLES WILHELM and GLORIA WILHELM, as Administrators of the Estate of Matthew Charles Wilhelm, deceased, Defendants, by one of their attorneys, Joseph W. Phebus of the firm of PHEBUS & KOESTER
>
> s/  J.W. PHEBUS
>      J. W. PHEBUS
>      Attorney for Defendants
>      PHEBUS & KOESTER
>      136 West Main Street
>      Urbana, Illinois 61801
>      Telephone:  (217) 337-1400
>      Fax:  (217) 337-1607
>      *jwphebus@phebuslaw.com*

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on this 19th day of March, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

> Douglas Belofsky
> Attorney for Plaintiff
> BELOFSKY & BELOFSKY PC
> 33 North Dearborn Street, Suite 2330
> Chicago, Illinois 60602
> Telephone: (312) 759-3737
> Fax: (312) 759-1262
> E-mail:  *Douglas@Belofsky.com*

Lance R Minor
Attorney for Plaintiff
BELOFSKY & BELOFSKY PC
33 North Dearborn Street, Suite 2330
Chicago, Illinois 60602
Telephone: (312) 759-3737
Fax: (312) 759-1262
E-mail: *Lance@belofsky.com*

and I hereby certify that I have mailed by United States Postal Service the documents to the following non CM/ECF participants:

David A Belofsky
Attorney for Plaintiff
BELOFSKY & BELOFSKY PC
33 North Dearborn Street, Suite 2330
Chicago, Illinois 60602
Telephone: (312) 759-3737
Fax: (312) 759-1262

s/  J.W. PHEBUS
    J. W. PHEBUS
    Attorney for Plaintiff
    PHEBUS & KOESTER
    136 West Main Street
    Urbana, Illinois 61801
    Telephone:  (217) 337-1400
    Fax:  (217) 337-1607
    *jwphebus@phebuslaw.com*

*f:\docs\joe\wilhelm\mo dis estate.doc*

E-FILED
Wednesday, 19 March, 2008 03:09:33 PM
Clerk, U.S. District Court, ILCD



Indiana Insurance
Member of Liberty Mutual Group

rming a part of

olicy Number: PLP M408457

overage Is Provided In INDIANA INSURANCE COMPANY

| lamed Insured: | Agent: |
| --- | --- |
| CHARLES WILHELM<br>GLORIA WILHELM | ACORDIA |
| | Agent Code: 0012313    Agent Phone: (217)-398-4400 |

## PERSONAL AUTO COVERAGE

------------------------ PREMIUM SUMMARY ------------------------

| Reason for Transaction | RENEWAL | Base Coverage Premium | $ | 1,506.00 |
| --- | --- | --- | --- | --- |
| Transaction Effective Date | 01/22/2006 | Additional Coverage Premium | $ | 75.00 |
| Premium For This Transaction | $ 1,318.00 | Credits and Debits | $ | -263.00 |
| | | Total Coverage Premium | $ | 1,318.00 |

--------------------------- VEHICLES COVERED ---------------------------

| Veh | Yr | Make | Model | Vehicle ID Number | Sym | Type | St Amt | C/New |
| --- | --- | --- | --- | --- | --- | --- | --- | --- |
| 001 | 1999 | OLDS | INTRIGUEGL | 1G3WS52H6XF350597 | 10 | | | |
| 002 | 2002 | CHEV | S10 PICKUP | 1GCCS19W228182437 | 14 | | | |
| 003 | 2003 | OLDS | SILHOETGLS | 1GHDX03E73D259659 | 12 | | | |

----------------- BASE COVERAGES AND PREMIUMS -----------------

surance is provided where a premium entry is shown for the coverage.

| IABILITY COVERAGES | Limits of Liability | Premium | | |
| --- | --- | --- | --- | --- |
| | | VEH 001 | VEH 002 | VEH 003 |
| Bodily Injury | $  500,000 Each Person and | | | |
| | $  500,000 Each Accident | $  73.00 | $  73.00 | $  106.00 |
| Property Damage | $  500,000 Each Accident | $  65.00 | $  65.00 | $  95.00 |
| Medical Payments | $  5,000 Each Person | $  27.00 | $  27.00 | $  39.00 |
| Uninsured Motorist Bodily | $  500,000 Each Person and | | | |
| Injury | $  500,000 Each Accident | $  72.00 | $  71.00 | $  71.00 |
| Underinsured Motorist Bodily | $  500,000 Each Person and | | | |
| Injury | $  500,000 Each Accident | $  15.00 | $  15.00 | $  15.00 |

| HYSICAL DAMAGE COVERAGES | Limits of Liability | Premium | | |
| --- | --- | --- | --- | --- |
| | | VEH 001 | VEH 002 | VEH 003 |
| Other Than Collision | Actual Cash Value | $  37.00 | $  62.00 | $  81.00 |
| Less Deductible of: | VEH 001    VEH 002    VEH 003<br>$   100    $   100    $   100 | | | |
| Collision | Actual Cash Value | $  101.00 | $  152.00 | $  214.00 |
| Less Deductible of: | VEH 001    VEH 002    VEH 003<br>$   500    $   500    $   500 | | | |
| Towing and Labor | | $  10.00 | $  10.00 | $  10.00 |
| Limit per Disablement: | VEH 001    VEH 002    VEH 003<br>$    50    $    50    $    50 | | | |

----------------ADDITIONAL COVERAGES AND PREMIUMS -----------------

| Veh | Title | Premium |
| --- | --- | --- |
| 001 | PERSONAL AUTO ULTRA PLUS | $  25.00 |
| 002 | PERSONAL AUTO ULTRA PLUS | $  25.00 |

DEFENDANT'S
EXHIBIT
1

PERSONAL AUTO COVERAGE    (continu...

----------------------------------------ADDITIONAL COVERAGES AND PREMIUMS----------------------------------------

| Veh | Title | | Premium |
|-----|-------|---|---------|
| 003 | PERSONAL AUTO ULTRA PLUS | $ | 25.0( |

----------------------------------------CREDITS AND DEBITS----------------------------------------

| Veh | Title | | Premium |
|-----|-------|---|---------|
| 001 | PASSIVE RESTRAINT DISCOUNT | $ | -8.0( |
| 001 | PERSONAL PROTECTOR CREDIT | $ | -63.0( |
| 002 | PASSIVE RESTRAINT DISCOUNT | $ | -8.0( |
| 002 | PERSONAL PROTECTOR CREDIT | $ | -75.0( |
| 003 | PASSIVE RESTRAINT DISCOUNT | $ | -12.0( |
| 003 | PERSONAL PROTECTOR CREDIT | $ | -97.0( |

----------------------------------------VEHICLE PREMIUM SUMMARY----------------------------------------

| Veh | Base Premium | Additional Coverages | Credits and Debits | Total Premium |
|-----|--------------|----------------------|--------------------|---------------|
| 001 | $   400.00 | $   25.00 | $   -71.00 | $  354   354.00 |
| 002 | $   475.00 | $   25.00 | $   -83.00 | $  421   417.00 |
| 003 | $   631.00 | $   25.00 | $   -109.00 | $  549   547.00 |
| | | | Total Coverage Premium | $ 1,324   1,318.00 |

----------------------------------------DRIVER INFORMATION----------------------------------------

GS = Good Student Discount                          DT = Driver Training Discount

| Veh | Driver | License Number | St | Op | DOB | M/F | M/S | GS | DT |
|-----|--------|----------------|----|----|-----|-----|-----|----|----|
| 001 | 02 GLORIA WILHELM | W44528149956 | IL | P | 12/15/1949 | F | M | N | N |
| 002 | 01 CHARLES WILHELM | W44515349180 | IL | P | 06/25/1949 | M | M | N | N |
| 003 | 03 MATTHEW WILHELM | W44554381082 | IL | O | 03/20/1981 | M | S | Y | Y |

----------------------------------------RATING INFORMATION----------------------------------------

| Veh | Class | Use | Miles | Days | St | Territory | Multi-Car |
|-----|-------|-----|-------|------|----|-----------|-----------|
| 001 | 810120  11 | PLEASURE | | 5 | IL | 036 | Y |
| 002 | 810120  11 | PLEASURE | | 5 | IL | 036 | Y |
| 003 | 855620  11 | PLEASURE | | 5 | IL | 036 | Y |

----------------------------------------ALTERNATE GARAGING----------------------------------------

**All vehicles are garaged at the policy mailing address shown above, except as follows:**

| Veh | Location |
|-----|----------|
| 000 | 804 LASELL DR |
| | CHAMPAIGN IL  61820 |

----------------------------------------FORMS AND ENDORSEMENTS----------------------------------------

**Your insurance is comprised of the following forms:**

| Veh | Form No. | Ed. Date | Veh | Form No. | Ed. Date | Veh | Form No. | Ed. Date |
|-----|----------|----------|-----|----------|----------|-----|----------|----------|
| ALL | PP0303 | 0486 | ALL | PP0450 | 0686 | ALL | PP0447 | 0196 |
| ALL | 90-504U | 0197 | ALL | PP0001 | 0694 | ALL | 90-1IL | 0303 |
| ALL | PP1301 | 1299 | | | | | | |

**Date Issued:** 12/02/2005

IN THE CIRCUIT COURT OF THE SIXTH JUDICIAL CIRCUIT
CHAMPAIGN COUNTY, ILLINOIS
PROBATE DIVISION

IN THE MATTER OF THE ESTATE    )
    )
OF    )  2007-P-6
    )
MATTHEW CHARLES WILHELM,    )
Deceased.    )

**FILED**
SIXTH JUDICIAL CIRCUIT

JAN 1 1 2008

Linda S. Frank
CLERK OF THE CIRCUIT COURT
CHAMPAIGN COUNTY, ILLINOIS D

<u>ORDER</u>

THIS CAUSE COMING ON TO BE HEARD on this 9th day of January,

2008, on the Petition for Authorization by Charles Wilhelm and Gloria Wilhelm as co-

administrators of the estate of Matthew Charles Wilhelm, deceased, requesting

authorization to settle the estate's claim against Indiana Insurance Company for $400,000

with all of said proceeds to be allocated to the wrongful death claim of the estate and

further allocated among the next of kin as follows:

    Bradley J. Wilhelm, a brother of the decedent  - $50,000;

    Jeffrey M. Wilhelm, a brother of the decedent -  $50,000;

    Lisa A. Wilhelm, a sister of the decedent  - $50,000;

    Charles  Wilhelm, father of the decedent – one half of the remaining
        proceeds after payment of attorneys fees and expenses of litigation;

    Gloria Wilhelm, mother of the decedent – one half of the remaining
        proceeds after payment of attorneys fees and expenses of litigation;

with notice of the hearing having been given by mail on December 11, 2007, as follows:

    University of Illinois
    Attn: Donna Curtin, Student Insurance Office
    807 South Wright Street, Suite 480
    Champaign, Illinois 61820

    Ingenix
    Attn:  Carol Sachtschale



DEFENDANT'S
EXHIBIT
2

12125 Technology Drive
Eden Prairie, Minnesota 55344

Carle Foundation Hospital
Attn: Martha Stout
611 West Park Street
Urbana, Illinois 61801-2595

Carle Clinic Association
Attn: Cari Armstrong
P.O. Box 6002
Urbana, Illinois 61801

First National Bank of Omaha
Attention: Rosemary Moore
P.O. Box 3773
Omaha, Nebraska 68103-0773

The court being fully advised in the premises and having received representation from counsel for the estate that the co-administrators who were present in court, if called as witnesses, would testify that they were present at the hospital within a short time after the decedent's admission thereto, and thereafter at least one of them remained with the plaintiff's decedent until his death and at no time did he exhibit any signs of consciousness or perception of pain. Further, they would testify that the treating physicians advised them that the decedent was not conscious and did not suffer pain from the time of the occurrence to the time of his death.

The court finds:

1.     That the Petition for Authorization to settle should be allowed;

2.     The proceeds of the settlement should all be allocated to the wrongful death claim;

3.     The proceeds should be allocated to the next of kin in accordance with the Petition.

Also present in court is Claimant Board of Trustees of the University of Illinois, by its attorney, Laura Clower. The administrators and the Board of Trustees stipulate and agree that the Board of Trustees' claim in the amount of $1,000.00 should be allowed.

Also presented to the court is the Class 1 claim of Charles Wilhelm for funeral and burial expenses paid by him in the amount of $11,374.14, the allowance of which claim has been consented to by the co-administrator, Gloria Wilhelm, and should be allowed.

ACCORDINGLY, the court hereby orders:

1.    That the Petition for Authorization is allowed and the co-administrators are authorized and directed to execute the necessary documents to settle the estate's claim against Indiana Insurance for $400,000;

2.    All of the proceeds of the settlement are hereby allocated to the estate's wrongful death claim on behalf of the next of kin;

3.    The settlement proceeds are hereby allocated among the next of kin of follows:

> Bradley J. Wilhelm, a brother of the decedent  - $50,000;
>
> Jeffrey M. Wilhelm, a brother of the decedent -  $50,000;
>
> Lisa A. Wilhelm, a sister of the decedent  - $50,000;
>
> Charles Wilhelm, father of the decedent – one half of the remaining proceeds after payment of attorneys fees and expenses of litigation;
>
> Gloria Wilhelm, mother of the decedent – one half of the remaining proceeds after payment of attorneys fees and expenses of litigation;

3

    4.     The claim of the Board of Trustees of the University of Illinois is allowed in the amount of $1,000;

    5.     The Class 1 claim of Charles Wilhelm in the amount of $11,374.14 is allowed.

ENTERED this 11th day of January, 2008.

_Judge Holly Clemons_

Prepared by:
PHEBUS & KOESTER
136 West Main Street
Urbana, Illinois 61801
(217) 337-1400
F:\DOCS\JOE\WILHELM\Order re pet ver 2.doc

COPY

4

**E-FILED**
Wednesday, 19 March, 2008  03:10:00 PM
Clerk, U.S. District Court, ILCD

IN THE CIRCUIT COURT OF THE SIXTH JUDICIAL CIRCUIT
CHAMPAIGN COUNTY, ILLINOIS
PROBATE DIVISION

|  |  |  |
|---|---|---|
| IN THE MATTER OF THE ESTATE | ) | |
| | ) | |
| OF | ) | 2007-P-6 |
| | ) | |
| MATTHEW CHARLES WILHELM, | ) | |
| Deceased. | ) | |

### ORDER

THIS CAUSE COMING ON TO BE HEARD on the Petition for Authorization and the Consents thereto by those next of kin who are not petitioners with the court finding:

1. The Petition for Authorization should be allowed and the Co-Administrators authorized and directed to proceed to consummate the settlement.

2. The estate has potential claims against Jennifer Stark under the Illinois Wrongful Death Act and under the Illinois Survival Act.

3. The estate has brought a claim against Jennifer Stark in this court's cause number 07-L-43. The complaint consists of two counts: a wrongful death count based on the theory of negligence and a wrongful death count based on the theory of wilful and wanton conduct.

4. Jennifer Stark's insurance carrier, Erie Insurance Company, has represented that its liability insurance limits as to this occurrence are $100,000 and has offered to pay said policy limits in exchange for a release and finding that the settlement is in good faith and in compliance with the Joint Tortfeasors Contribution Act, 740 ILCS 100/2(a).



DEFENDANT'S EXHIBIT
3

5.    The estate has filed with its petition various medical records concerning the decedent's status between the time of his injuries and the time of his death.

6.    Indiana Insurance Company has issued a policy of automobile insurance to Charles and Gloria Wilhelm on which policy plaintiff's decedent, Matthew Charles Wilhelm, was an insured driver at the time of his death, which policy provides underinsured coverage to $500,000. The company has given its consent to the proposed settlement with Jennifer Stark and Erie Insurance Company.

7.    The court having considered the verified Petition and the attachments thereto and being fully advised in the premises finds that allocation of $99,500 of the settlement proceeds should be made to the wrongful death claims and the remaining $500 allocated to all other claims and potential claims the estate may have including claims under the Survival Act.

8.    The settlement was entered into in good faith and in compliance with the Joint Tortfeasors Contribution Act (740 ILCS 100/2(a)) and accordingly upon consummation of the settlement all claims against Jennifer Stark by third parties for contribution or other relief should be barred by the settlement. However, the settlement does not bar the estate's claim under the underinsured motorist endorsement of the Wilhelms' automobile insurance policy with Indiana Insurance Company.

WHEREFORE, IT IS ORDERED:

1.    The petitioners are authorized and directed to consummate the settlement of all claims against Jennifer Stark for the sum of $100,000.

2.    In that the settlement is in good faith and in compliance with the Joint Tortfeasor Contribution Act, the settlement bars any claims by third parties against Jennifer Stark for contribution or other relief in regard to the occurrence of September 2, 2006, wherein Matthew Charles Wilhelm received serious injuries resulting in his death on September 8, 2006.

3.    The settlement does not bar the estate's claim under the underinsured motorist endorsement of the Wilhelms' automobile insurance policy with Indiana Insurance Company.

4.    The settlement proceeds are allocated $99,500 to the next of kins' Wrongful Death Act claims and $500 to all other claims and potential claims of the estate, including but not limited to potential claims under the Survival Act.

5.    Settlement proceeds to be held in attorneys' trust account until further order of this court allocating the wrongful death proceeds among the next of kin.

ENTERED this 29th day of June, 2007.

_Holly F. Clemons_
THE HONORABLE HOLLY CLEMONS
JUDGE

( copy )

Prepared by:
PHEBUS & KOESTER
136 West Main Street
Urbana, Illinois 61801
(217) 337-1400
f:\docs\joel\wilhelm\order on pet for auth.doc

3

E-FILED
Wednesday, 19 March, 2008  03:10:12 PM
Clerk, U.S. District Court, ILCD

# INGENIX.

MN0012-0220 12125 Technology Drive | Eden Prairie, MN 55344

February 9, 2007

**VIA FACSIMILE & U.S. MAIL**

Phebus & Winkelmann Law Firm
Jos W Phebus
P O BOX 1008
URBANA, IL 61803

RE:  **Injured Party:    Matthew C Wilhelm(Deceased)**
**Date of Injury:    09/02/2006**
**Group:              CATERPILLAR INC. #000100400**
**Our File #:         5380498**

Dear Jos W Phebus,

This letter will formally notify you that UnitedHealthcare Services has retained Ingenix Subrogation Services to pursue a recovery for medical benefits that have been or may be paid by them on behalf of Matthew C Wilhelm for the treatment of injuries sustained arising out of the above captioned injury. **Please contact us prior to settlement to obtain the total amount of paid benefits.**

The health plan is set up under the federal Employee Retirement Income Security Act of 1974 (ERISA), 88 Stat. 829, as amended, 29 U.S.C. §1001 et seq.

Our client asserts a subrogation and/or reimbursement interest in this matter under applicable law. Please notify us immediately if you have already obtained a recovery from some other party. Once settlement funds come into your possession, you should hold them in trust until such time as our client's interest has been severed from the interest of your client.

Please contact me to discuss this matter. Also, please direct all future correspondence relating to our client's subrogation/reimbursement rights to my attention.

Thank you for your assistance.

Sincerely,

Carol Sachtschale

Carol Sachtschale/KSK
Recovery Analyst
Phone: 952-833-6245
Fax: 800-708-9631



DEFENDANT'S
EXHIBIT
4

E-FILED
Wednesday, 19 March, 2008  03:10:24 PM
Clerk, U.S. District Court, ILCD

**INGENIX**

May 31, 2007

Phebus & Koester
Joseph W Phebus
P O BOX 1008
136 WEST MAIN STREET
URBANA, IL 61803

RE:     **Injured Party:     Matthew C Wilhelm**
        **Date of Injury:     09/02/2006**
        **Group/Client:       Caterpillar/UnitedHealthcare Services**
        **Our File #:          5380498**

Dear Mr. Phebus,

Enclosed is the entire Summary Plan Description for the Caterpillar Plan which has paid benefits on behalf of Mr. Wilhelm.  The Plan has paid $72,119.99 for medical expense benefits. Enclosed is our itemized claims history for your file.

Please direct all future correspondence relating to our client's subrogation rights to my attention. Thank you for your assistance.

Sincerely,

Carol Sachtschale

Carol Sachtschale
Recovery Analyst
Phone: 952-833-6245
Fax: 800-708-9631

DEFENDANT'S
EXHIBIT
5

**E-FILED**
Wednesday, 19 March, 2008  03:10:38 PM
Clerk, U.S. District Court, ILCD

IN THE CIRCUIT COURT OF THE SIXTH JUDICIAL CIRCUIT
CHAMPAIGN COUNTY, ILLINOIS
PROBATE DIVISION

| | | |
|---|---|---|
| IN THE MATTER OF THE ESTATE | ) | |
| | ) | |
| OF | ) | 2007-P-6 |
| | ) | |
| MATTHEW CHARLES WILHELM, | ) | |
| Deceased. | ) | |

To:   University of Illinois
Attn: Donna Curtin, Student Insurance Office
807 South Wright Street, Suite 480
Champaign, Illinois  61820

Ingenix
Attn:  Carol Sachtschale
12125 Technology Drive
Eden Prairie, Minnesota  55344

Carle Foundation Hospital
Attn:  Martha Stout
611 West Park Street
Urbana, Illinois  61801-2595

Carle Clinic Association
Attn:  Cari Armstrong
P.O. Box 6002
Urbana, Illinois  61801

## NOTICE OF HEARING

YOU ARE HEREBY NOTIFIED that there will be hearing on the attached Petition for Authorization and allocation of settlement proceeds before The Honorable Holly Clemons at the Champaign County Courthouse, Courtroom D, 101 East Main Street, Urbana, Illinois, at 11:00 a.m. on June 29, 2007, and that you may appear and be heard in regard thereto. If you intend to appear, you should send a notice of intent to be heard to the attorneys for the estate, Phebus & Koester, at their address below.



**DEFENDANT'S EXHIBIT**
6

DATED this 5th day of June, 2007.

ESTATE OF MATTHEW CHARLES
WILHELM by its attorneys, Phebus &
Koester

By: _____
Joseph W. Phebus

## CERTIFICATE OF SERVICE

I, J. W. PHEBUS,   certify I served this Notice by mailing a copy via

Certified Mail to:

Mr. James C. Kearns
Heyl, Royster, Voelker & Allen
102 East Main Street, P.O. Box 129
Urbana, Illinois 61803-0129

University of Illinois
Attn: Donna Curtin, Student Insurance Office
807 South Wright Street, Suite 480
Champaign, Illinois  61820

Ingenix
Attn:  Carol Sachtschale
12125 Technology Drive
Eden Prairie, Minnesota  55344

Carle Foundation Hospital
Attn:  Martha Stout
611 West Park Street
Urbana, Illinois  61801-2595

Carle Clinic Association
Attn:  Cari Armstrong
P.O. Box 6002
Urbana, Illinois  61801

at Urbana, Illinois, at approximately 5:00 p.m. on this 5th day of June, 2007, with proper
postage prepaid.

PHEBUS & KOESTER

2

136 West Main Street
Urbana, Illinois 61801
(217) 337-1400
*f:\docs\joe\wilhelm\ntc hear est.doc*

**E-FILED**
Wednesday, 19 March, 2008  03:10:51 PM
Clerk, U.S. District Court, ILCD

IN THE CIRCUIT COURT OF THE SIXTH JUDICIAL CIRCUIT
CHAMPAIGN COUNTY, ILLINOIS
PROBATE DIVISION

| | | |
|---|---|---|
| IN THE MATTER OF THE ESTATE | ) | |
| | ) | |
| OF | ) | 2007-P-6 |
| | ) | |
| MATTHEW CHARLES WILHELM, Deceased. | ) | |

To:     University of Illinois
        Attn: Donna Curtin, Student Insurance Office
        807 South Wright Street, Suite 480
        Champaign, Illinois  61820

        Ingenix
        Attn:  Carol Sachtschale
        12125 Technology Drive
        Eden Prairie, Minnesota  55344

        Carle Foundation Hospital
        Attn:  Martha Stout
        611 West Park Street
        Urbana, Illinois  61801-2595

        Carle Clinic Association
        Attn:  Cari Armstrong
        P.O. Box 6002
        Urbana, Illinois  61801

        First National Bank of Omaha
        Attention:  Rosemary Moore
        P.O. Box 3773
        Omaha, Nebraska 68103-0773

## NOTICE OF HEARING

YOU ARE HEREBY NOTIFIED that the Petition for Authorization by the co-administrators in the above matter is set for hearing at 2:45 p.m. on January 9, 2008, in Courtroom D before the Honorable Holly Clemons.  Said petition asks for the following relief:

1.     Authorization to enter into a settlement with Indiana Insurance Company as to underinsured motorists benefits;

**DEFENDANT'S EXHIBIT**

**7**

2.    Allocate all of said proceeds to the estate's wrongful death claim;

3.    Approve the attorneys' fees and expenses of Phebus & Koester;

4.    Approve distribution of the wrongful death proceeds among the next of kin;

5.    Such other and further matters as may come before the court.

DATED this 11th day of December, 2007.

ESTATE OF MATTHEW CHARLES
WILHELM, by its attorneys, Phebus &
Koester

By: _____
        J.W. PHEBUS

## CERTIFICATE OF SERVICE

I, J. W. PHEBUS, certify I served this Notice by mailing a copy to:

University of Illinois
Attn: Donna Curtin, Student Insurance Office
807 South Wright Street, Suite 480
Champaign, Illinois  61820

Ingenix
Attn: Carol Sachtschale
12125 Technology Drive
Eden Prairie, Minnesota  55344

Carle Foundation Hospital
Attn:  Martha Stout
611 West Park Street
Urbana, Illinois  61801-2595

Carle Clinic Association
Attn:  Cari Armstrong
P.O. Box 6002
Urbana, Illinois  61801

First National Bank of Omaha
Attention:  Rosemary Moore
P.O. Box 3773
Omaha, Nebraska 68103-0773

2

at Urbana, Illinois, at approximately 5:00 p.m. on this 11th day of December, 2007, with proper postage prepaid.

PHEBUS & KOESTER
136 West Main Street
Urbana, Illinois 61801
(217) 337-1400
*f:\docs\joe\wilhelm\notice hearing.doc*

3