IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | | |
|---|---|---|
| CATERPILLAR INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:08-CV-02020-MPM-DGP |
| | ) | |
| CHARLES WILHELM AND GLORIA WILHELM, INDIVIDUALLY AND AS ADMINISTRATORS OF THE ESTATE OF MATTHEW CHARLES WILHELM, DECEASED, | ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

**PLAINTIFF'S MOTION FOR A DETERMINATION
PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(d)
<u>WHETHER MATTERS OUTSIDE THE PLEADINGS ARE TO BE EXCLUDED</u>**

NOW COMES Plaintiff, Caterpillar, Inc., by and through its counsel of record, and pursuant to Rule 12(d) of the Federal Rule of Civil Procedure, moves this Honorable Court to exclude matters outside the pleadings presented by the Rule 12(b)(6) motions to dismiss filed by Defendants, Charles Wilhelm, Gloria Wilhelm and the Estate of Matthew Charles Wilhelm or to convert the motions to dismiss to motions for summary judgment and allow Plaintiff to conduct discovery on the issues raised therein. In support of this Motion, Plaintiff avers as follows:

1.  On March 10, 2008, Defendants Charles and Gloria Wilhelm (the "Wilhelms"), filed a motion to dismiss in their individual capacity (the "First Motion to Dismiss"). (Docket No. 9)

2.  On March 19, 2008, the Wilhelms filed another motion to dismiss in their capacity as administrators of the Estate of Matthew Charles Wilhelm (the "Second Motion to Dismiss"). (Docket No. 12)

3.     Because the First Motion to Dismiss incorporated the Second Motion to Dismiss, this Court granted Plaintiff's motion for extension of time to respond to the First Motion to Dismiss (Docket No. 11) and ordered that Plaintiff's responses to the two motions to dismiss would be due at the same time.  See Text Order entered March 19, 2008.  Both motions raise matters outside the pleadings to urge the dismissal of Plaintiff's claims.

4.     Defendants filed several unverified exhibits in support of the Second Motion to Dismiss, including (1) the declaration page of Charles and Gloria Wilhelms' insurance policy with Indiana Insurance Company, (2) certain pleadings relating to the underlying probate case and (3) correspondence between the parties prior to the filing of this lawsuit.

5.     On March 27, 2008, Defendant, Charles Wilhelm, filed an affidavit alleging facts outside the Complaint and authenticating the declaration page of the insurance policy with Indiana Insurance Company.  (Docket No. 14)  Defendants did not, however, attach a full copy of the insurance policy with Indiana Insurance Company to the Second Motion for Summary Judgment or to Charles Wilhelm's affidavit.

6.     Rule 12(b) of the Federal Rules of Civil Procedure states that:

> If, on a motion asserting the defense numbered (6) to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56.

Fed. R. Civ. P. 12(b).  See Harris v. Pate, 440 F.2d 315, 319 (7th Cir. 1971) ("The Federal Rules are explicit in their requirement that a party opposing a motion to dismiss for failure to state a claim for relief, accompanied by exhibits and affidavits, must be afforded a full opportunity to respond pursuant to Rule 56").

7. A review of the two motions to dismiss, the supporting memoranda and the affidavit clearly demonstrates that Defendants are not attacking the allegations of the Complaint for failure to state a cause of action. Rather, Defendants are asserting affirmative matters outside the pleadings in an attempt to have summary judgment entered in their favor on the merits.

8. This Court's Local Rules are very specific with regard to motions for summary judgment. In addition to the introduction and argument, they require the movant to submit a statement of undisputed material facts which lists and numbers each undisputed material fact which is the basis for the motion. The movant must also provide citations to the documentary evidence that supports it appropriately referencing the exhibit page. Local Rule 7.1(D)(1)(b). Defendants have not submitted a statement of undisputed material facts in support of their motions for summary judgment. "The Seventh Circuit has consistently and repeatedly upheld a district court's discretion to require strict compliance with its local rules governing summary judgment." Morales v. Flageole, 2007 U.S. Dist. LEXIS 72645, *7 (C.D. Ill. Sept. 28, 2007) (McCuskey, J.).

9. Additionally, Rule 56 of the Federal Rules of Civil Procedure provides that the Court may deny the motion or allow a continuance in order for the responding party to conduct discovery if it is unable to present facts in opposition to a motion for summary judgment in an affidavit. Fed. R. Civ. P. 56(f).

10. In this case, Defendants, and not Plaintiff, have the advantage of access to all of the relevant information concerning the settlement of the underlying tort claim and the documentation for insurance policy issued by the Indiana Insurance Company. The Declaration of Lance R. Minor is attached hereto as Exhibit A.

11. Plaintiff requests that the Defendants be required to resubmit their motions to dismiss without presenting materials outside the Complaint or that the motions to dismiss be continued in order for Defendants to submit the required statement of undisputed material facts in support of their motions for summary judgment and to enable Plaintiff to conduct discovery regarding the settlement of tort claim and the documentation for the Indiana Insurance Policy.

WHEREFORE, Plaintiff, Caterpillar, Inc., prays that this Honorable Court exclude the matters outside the pleadings presented by the Rule 12(b)(6) motions to dismiss filed by Defendants, Charles Wilhelm, Gloria Wilhelm, and the Estate of Matthew Charles Wilhelm or, in the alternative, order Defendants to submit the required statement of undisputed material facts in support of motions for summary judgment and defer briefing on the motion for summary judgment to enable Plaintiff to conduct discovery on the issues raised therein.

    Respectfully submitted,

    Caterpillar, Inc.


    By:   /s/ Lance R. Minor
          One of its Attorneys

David A. Belofsky
Douglas M. Belofsky
Lance R. Minor
Belofsky & Belofsky, P.C.
33 North Dearborn Street
Suite 2330
Chicago, Illinois 60602
312.759.3737

## CERTIFICATE OF SERVICE

      Lance R. Minor, an attorney duly authorized to practice law in the United States District Court for the Central District of Illinois, certifies that he caused a copy of PLAINTIFF'S MOTION FOR A DETERMINATION PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(d) WHETHER MATTERS OUTSIDE THE PLEADINGS ARE TO BE EXCLUDED to be filed with the Court's CM/ECF system on May 5, 2008.

                                                /s/ Lance R. Minor
                                                  Lance R. Minor

# IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS
### URBANA DIVISION

| | | |
|---|---|---|
| CATERPILLAR INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:08-CV-02020-MPM-DGP |
| | ) | |
| CHARLES WILHELM AND GLORIA WILHELM, INDIVIDUALLY AND AS ADMINISTRATORS OF THE ESTATE OF MATTHEW CHARLES WILHELM, DECEASED, | ) ) ) ) ) | |
| Defendants. | ) | |

## **DECLARATION OF LANCE R. MINOR**

Lance R. Minor, under penalty of perjury as provided by law pursuant to 28 U.S.C. § 1746(2), does state and declare that he has personal knowledge of the following facts, and if called to be a witness at the trial of this cause, could competently testify as follows:

1.  I am one of the attorneys representing Plaintiff, Caterpillar, Inc., in this lawsuit.

2.  I have reviewed and am familiar with the following documents filed by Defendants: (1) Rule 12(b)(6) Motion to Dismiss Defendants Charles Wilhelm and Gloria Wilhelm, Individually (Docket No. 9); (2) Defendant's Memorandum in Support of Their Rule 12(b)(6) Motion to Dismiss the Complaint Against Them Individually (Docket No. 10); (3) Rule 12(b)(6) Motion to Dismiss by Estate of Matthew Charles Wilhelm (Docket No. 12); (4) Defendants' Memorandum in Support of Rule 12(b)(6) Motion to Dismiss (Docket No. 13); and (5) Affidavit in Support of Rule 12(b)(6) Motion to Dismiss (Docket No. 14).

3.  Neither Plaintiff or its counsel have been provided with copies of, reviewed, or been given the opportunity to review any materials concerning the settlement of the tort claims asserted by the Estate of Matthew Charles Wilhelm.  Nor has Plaintiff or its counsel been

**EXHIBIT A**

provided with a complete authenticated copy of the insurance policy issued by Indiana Insurance Company which has, on information and belief, paid out certain amounts as a result of those claims.

4. The foregoing information is essential in order for Plaintiff to respond to the motions to dismiss filed by Defendants in this case.

5. Plaintiff cannot present facts essential to justify its opposition to the motions to dismiss without discovery from Defendants and the parties with whom they settled their claims.

AND FURTHER DECLARANT SAYETH NOT

/s/ Lance R. Minor<br>Lance R. Minor

Executed under penalties of perjury
on May 5, 2008