E-FILED
Wednesday, 21 May, 2008  02:59:19 PM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| CATERPILLAR INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 2:08-CV-02020-MPM-DGP |
| ) | |
| CHARLES WILHELM AND GLORIA ) | |
| WILHELM, INDIVIDUALLY AND AS ) | |
| ADMINISTRATORS OF THE ESTATE OF ) | |
| MATTHEW CHARLES WILHELM, DECEASED, ) | |
| ) | |
| Defendants. ) | |

**PLAINTIFF'S MOTION TO FILE COMBINED
RESPONSE TO MOTIONS TO DISMISS *INSTANTER***

NOW COMES Plaintiff, Caterpillar, Inc. ("Caterpillar"), by and through its counsel of record, and pursuant to Rule 6(b) of the Federal Rule of Civil Procedure, moves this Honorable Court for leave to file its response to the motions to dismiss filed by Defendants, Charles Wilhelm, Gloria Wilhelm and the Estate of Matthew Charles Wilhelm, *instanter*. In support of this Motion, Caterpillar avers as follows:

1. On March 10, 2008, Defendants Charles and Gloria Wilhelm (the "Wilhelms"), filed a motion to dismiss in their individual capacity (the "First Motion to Dismiss"). (Docket No. 9)

2. On March 19, 2008, the Wilhelms filed another motion to dismiss in their capacity as administrators of the Estate of Matthew Charles Wilhelm (the "Second Motion to Dismiss"). (Docket No. 12)

3. Because the First Motion to Dismiss incorporated the Second Motion to Dismiss, this Court granted Caterpillar's motion for extension of time to respond to the First Motion to

Dismiss (Docket No. 11) and ordered that Caterpillar's responses to the two motions to dismiss would be due at the same time. See Text Order entered March 19, 2008.

4. Defendants filed several unverified exhibits in support of the Second Motion to Dismiss, including (1) the declaration page of Charles and Gloria Wilhelms' insurance policy with Indiana Insurance Company, (2) certain pleadings relating to the underlying probate case and (3) correspondence between the parties prior to the filing of this lawsuit.

5. On March 27, 2008, Defendant, Charles Wilhelm, filed an affidavit alleging facts outside the Complaint and authenticating the declaration page of the insurance policy with Indiana Insurance Company. (Docket No. 14) Defendants did not, however, attach a full copy of the insurance policy with Indiana Insurance Company to the Second Motion for Summary Judgment or to Charles Wilhelm's affidavit.

6. A review of the two motions to dismiss, the supporting memoranda and the affidavit revealed that Defendants were attempting to assert affirmative matters outside the pleadings in an attempt to have summary judgment entered in their favor on the merits.

7. On May 5, 2008, Caterpillar filed its "Motion For A Determination Pursuant To Federal Rule Of Civil Procedure 12(d) Whether Matters Outside The Pleadings Are To Be Excluded" (the "Rule 12(d) Motion") (Docket No. 20), to ascertain the standard under which the motions to dismiss were to be determined.

8. In its Rule 12(d) Motion, Caterpillar requested that this Court either require Defendants "to resubmit their motions to dismiss without presenting materials outside the Complaint or that the motions to dismiss be continued in order for Defendants to submit the required statement of undisputed material facts in support of their motions for summary

judgment and to enable Plaintiff to conduct discovery regarding the settlement of tort claim and the documentation for the Indiana Insurance Policy." Rule 12(d) Motion ¶ 11.

9. On May 13, 2008, this Court entered its Text Order notifying the parties "that the matters outside the pleadings will be excluded by the Court" and that "the Court will proceed to consider and resolve the motions to dismiss."

10. On May 14, 2008, this Court entered another Text Order in which it denied the Rule 12(d) Motion "as moot."

11. This Court did not, however, set a deadline for Caterpillar to file its response to the motions to dismiss in either of its aforementioned Text Orders.

12. Since May 13, 2008, Caterpillar has been diligently working on its combined response to the motions to dismiss to conform to the parameters set by the Text Order entered on that date.

13. Prior to May 13, 2008, Caterpillar's counsel were unable to more quickly address the attack on the legal sufficiency of the Amended Complaint posed by the motions to dismiss due to two intervening illnesses of attorney Lance R. Minor as well as the illness and subsequent death on April 10, 2008 of Sheldon Belofsky, father of attorneys David and Douglas Belofsky, which caused said counsel to be unavoidably absent from the office for substantial periods of time in March and April of this year.

14. The proposed combined response to the motions to dismiss and the well pleaded allegations of the Amended Complaint demonstrate that Caterpillar has meritorious defenses to the motions to dismiss.

15. Good cause thus exists to grant Caterpillar leave to file its combined response to the motions to dismiss *instanter*.

16. The relief requested in this Motion is in the interests of justice and will not prejudice the rights of the Defendants.

WHEREFORE, Plaintiff, Caterpillar, Inc., prays that this Honorable Court grant it leave to file its combined response to the Rule 12(b)(6) motions to dismiss filed by Defendants, Charles Wilhelm, Gloria Wilhelm, and the Estate of Matthew Charles Wilhelm, *instanter*.

Respectfully submitted,

Caterpillar, Inc.

By: /s/ Lance R. Minor
     One of its Attorneys

David A. Belofsky
Douglas M. Belofsky
Lance R. Minor
Belofsky & Belofsky, P.C.
33 North Dearborn Street
Suite 2330
Chicago, Illinois 60602
312.759.3737

**CERTIFICATE OF SERVICE**

     Lance R. Minor, an attorney duly authorized to practice law in the United States District Court for the Central District of Illinois, certifies that he caused a copy of PLAINTIFF'S MOTION TO FILE COMBINED RESPONSE TO MOTIONS TO DISMISS *INSTANTER* to be filed with the Court's CM/ECF system on May 21, 2008.

                                                         /s/ Lance R. Minor
                                                          Lance R. Minor