**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF ILLINOIS**
Urbana Division

| | |
|---|---|
| CATERPILLAR, INC., )<br>)<br>Plaintiff, )<br>v. )<br>)<br>CHARLES WILHELM and )<br>GLORIA WILHELM, individually and as )<br>Administrator of the Estate of )<br>Matthew Charles Wilhelm, deceased, )<br>)<br>Defendants. ) | Case No. 08-2020 |

# REPORT AND RECOMMENDATION

In January 2008, Plaintiff Caterpillar Inc. filed a Complaint (#1) against Defendants Charles and Gloria Wilhelm, individually and as administrators of the estate of Matthew Charles Wilhelm, deceased. In February 2008, Plaintiff filed an Amended Complaint (#5). Federal jurisdiction is based on federal question pursuant to 28 U.S.C. § 1331 because the claim is brought under the Employee Retirement Income Security Act of 1974 (29 U.S.C. § 1132(e)(1)) (hereinafter "ERISA").

In March 2008, Defendants filed a Rule 12(b)(6) Motion To Dismiss Defendants Charles Wilhelm and Gloria Wilhelm, Individually (#9). Defendants separately filed a Rule 12(b)(6) Motion To Dismiss by Estate of Matthew Charles Wilhelm (#12) in March 2008. After reviewing the parties' pleadings and memoranda, this Court recommends, pursuant to its authority under 28 U.S.C. § 636(b)(1)(B), that the Rule 12(b)(6) Motion To Dismiss Defendants Charles Wilhelm and Gloria Wilhelm, Individually **(#9)**, be **DENIED**.

## I. Background

Plaintiff alleged the following information in its amended complaint. Plaintiff is the sponsor and Plan Administrator of a self-funded health benefit plan (hereinafter the "Plan"). (#5, ¶ 1.) The Plan is an "employee welfare benefit plan" within the meaning of Section 3(1) of ERISA (29 U.S.C. § 1002(1)). (#5, ¶ 3.) Defendants are parents of the decedent,

Matthew Charles Wilhelm (hereinafter "Matthew"). (#5, ¶ 2.) Matthew was a participant of the Plan within the meaning of Section 3(7) of ERISA (29 U.S.C. § 1002(7)) for the relevant time period. (#5, ¶ 4.) Matthew was at material times eligible to receive and did receive benefits under the terms of the Plan and was a beneficiary of the Plan within the meaning of Section 3(8) of ERISA (29 U.S.C. § 1002(8)). (#5, ¶ 4.)

In September 2006, Matthew was riding a bicycle when an automobile driven by Jennifer Stark struck him. He was hospitalized with severe injuries and underwent surgery, but subsequently died as a result of his injuries. (#5, ¶ 10.) Ms. Stark's negligence proximately caused Matthew's injuries. (#5, ¶ 11.) Defendants, as parents and next friend of Matthew Charles Wilhelm, as administrators of the Estate of Matthew Charles Wilhelm (hereinafter "the Estate"), and/or individually, filed claims or caused claims for medical benefits to be filed against the Plan. (#5, ¶ 13.) Pursuant to the Plan's terms, Matthew received medical benefits totaling $72,799.79 for medical expenses incurred in treating the injuries that he sustained in the accident. (#5, ¶¶ 13-14.)

At all material times, the Plan contained subrogation and reimbursement provisions. (#5, ¶ 15.) The Plan's provisions state: "[I]f the injury or condition giving rise to subrogation or reimbursement involves the wrongful death of a Program beneficiary, this section applies to the personal representative of the deceased Program beneficiary." (#5, ¶ 19.) Ms. Stark's insurance was insufficient "to cover the damages sustained by Matthew in the accident," and her insurer has paid or will soon pay policy limits in the amount of $100,000 to the Estate in settlement of all claims arising out of the accident. (#5, ¶ 16.) The Estate has also brought a claim for underinsured motorists benefits against the Indiana Insurance Company under a policy issued to Charles and Gloria Wilhelm. This insurer has paid or will soon pay policy limits of $500,000 in settlement of all its claims arising out of the accident. (#5, ¶ 17.)

Plaintiff brings this action pursuant to Section 502(a)(3) of ERISA (29 U.S.C. § 1132(a)(3)) to enjoin acts and/or practices that violate the terms of the Plan, and to obtain appropriate equitable relief. (#5, ¶ 5.) Specifically, Plaintiff seeks a constructive trust in the

amount of $72,799.79 on funds paid to Defendants as compensation for injuries caused by acts of a third party. (#5, ¶ A.) Plaintiff alleges that subrogation and reimbursement provisions of the Plan mandate reimbursement from any recovery made as compensation for injuries caused by the acts of a third party. (#5, ¶ 18.) Defendants dispute their obligation to adhere to the Plan, and they refuse to make this reimbursement in their capacity as individuals or in their capacity as administrators of the estate. (#5, ¶ 18.) Plaintiff also seeks a judgment against Defendants in the amount of $72,799.79. (#5, p. 6.)

Plaintiff also asks the Court to enjoin Defendants from interfering with the Plan's right to reimbursement and/or characterizing amounts received by the Estate as recoveries on claims for wrongful death for the purpose of unlawfully defeating the Plan's right to reimbursement. (#5, p. 6.) Plaintiff alleges that, rather than honoring the Plan's subrogation and reimbursement provisions, Defendants have assigned or are attempting to assign a disproportionately large amount of the Estate's recoveries to claims for wrongful death that allegedly accrued in their favor upon the death of Matthew. (#5, ¶ 18.)

## II. Standard

A motion to dismiss for failure to state a claim tests the sufficiency of the complaint; it does not decide the merits. *Gibson v. City of Chi.*, 910 F.2d 1510, 1520 (7th Cir. 1990). On a motion to dismiss, the Court treats all well-pleaded allegations in the complaint as true, and grants all reasonable inferences in the plaintiff's favor. *McMillan v. Collection Prof'ls, Inc.*, 455 F.3d 754, 758 (7th Cir. 2006); *see Bell Atl. Corp v. Twombly*, — U.S. —, 127 S. Ct. 1955, 1965 (2007) (requiring plausible grounds for inferences if those inferences are to sustain a complaint).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). The United States Supreme Court has interpreted this language to impose two "easy-to-clear hurdles": First, the plaintiff must plead sufficient facts to give fair notice of the claim and the ground upon which it rests, and second, those facts, if true, must plausibly suggest that the plaintiff is entitled to relief,

"raising that possibility above a 'speculative level'." *E.E.O.C. v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776-77 (7th Cir. 2007) (citing *Bell Atl.*, 127 S. Ct. at 1965, 1973 n.14).

*Bell Atlantic* did not eliminate the liberal federal notice pleading standard. *Airborne Beepers & Video, Inc. v. AT&T Mobility LLC*, 449 F.3d 663, 667 (7th Cir. 2007). A complaint still need not contain detailed factual allegations. *Bell Atl.*, 127 S. Ct. at 1964. It is still true that "[a]ny district judge (and for that matter, any defendant) tempted to write 'this complaint is deficient because it does not contain . . .' should stop and think: What rule of law *requires* a complaint to contain that allegation?" *Doe v. Smith*, 429 F.3d 706, 708 (7th Cir. 2005). Nevertheless, a complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl.*, 127 S. Ct. at 1965. If the factual detail of a complaint is "so sketchy that the complaint does not provide the type of notice of the claim to which the defendant is entitled under Rule 8," it is subject to dismissal. *Airborne Beepers*, 499 F.3d at 667.

### III.  Analysis

Acting in their individual capacities, Defendants have filed a motion to dismiss the claims against them. The issue before the Court is whether the facts in the complaint, if true, plausibly suggest that Plaintiff is entitled to relief from Defendants individually, as opposed to as administrators of the Estate. This recommendation addresses *only* the arguments as to Defendants in their individual capacity (hereinafter "Defendants" refers to Defendants in their individual capacity).

Defendants argue that the Court should dismiss the claims against them because Defendants as individuals are not proper parties and the Illinois Wrongful Death Act bars Plaintiff from recovery. Defendants also ask the Court to strike Plaintiff's claim to proceeds from Defendants' private insurance plan and request sanctions against Plaintiff under Federal Rule of Civil Procedure 11. Defendants provided factual evidence outside of the complaint in support of their arguments. The Court did not consider any of this material in evaluating the motion to dismiss.

### A. Proper Parties

Defendants contend that they are not proper parties because (1) Plaintiff, as sponsor and plan administrator of a benefit plan, sued Defendants as "parents of the decedent"; and (2) Defendants are not plan participants and therefore are not bound by the terms and conditions of the plan.

The claims before the Court are equitable in nature. Plaintiff brings this suit under Section 502(a)(3) of ERISA, which authorizes civil action by a fiduciary "(a) to enjoin any act or practice which violates the terms of the plan, or (b) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of the terms of the plan." (29 U.S.C. § 1132(a)(3).) A plaintiff may assert claims against a defendant under this provision as long as the claims are equitable in nature and the recovery sought is equitable in nature.

Here, the claim and the recovery sought are equitable in nature. First, Plaintiff requests "[t]hat a constructive trust be impressed upon no less than $72,799.79 in funds intended to be paid to or received by Defendants from any recovery made as compensation for injuries by the acts of a third party." (#5, p. 6.) This request is consistent with a request for restitution in equity, which is defined as a "form of a constructive trust or an equitable lien, where money or property identified as belonging in good conscience to the plaintiff could clearly be traced to particular funds or property in the defendant's possession." *Great-West Life & Annuity Ins. Co. v. Knudson*, 534 U.S. 204, 213 (2002). Here, Plaintiff asserts that $72,799.79 of the recoveries from the settlements with Ms. Stark's insurance company and Indiana Insurance Company belongs in good conscience to Plaintiff, and that Defendants have or will soon possess these clearly traceable funds. Because the settlement funds at issue in this case are specifically identifiable and may be within Defendants' possession and control, Plaintiff seeks equitable relief within the meaning of 29 U.S.C. § 1132(a)(3). Plaintiff also requests that Defendants be enjoined from interfering with the Plan's rights to reimbursement and/or from characterizing amounts received by the Estate as recoveries on claims for wrongful death for the purpose of unlawfully defeating the Plan's right to reimbursement. This relief is also equitable in nature.

Plaintiff is asserting equitable claims, therefore Defendants' arguments that they are not proper parties because they are "parents of the decedent" and because they are not Plan participants are not persuasive. Although these concerns would be relevant to a claim that is legal in nature, they are not pertinent here. Accordingly, the Court recommends denying the motion to dismiss on this basis.

### B. Preemption / Wrongful Death Proceeds

Defendants next argue that the Court should dismiss Plaintiff's claim against Defendants as individuals because it asserts a claim against funds received under the Illinois Wrongful Death Act (740 ILCS 180/1, *et seq*.). A claim brought pursuant to the Wrongful Death Act must be brought by the personal representative of the deceased, and "the amount recovered in any such action shall be for the exclusive benefit of the surviving spouse and next of kin of such deceased person." 740 ILCS 180/2. Defendants contend that the Wrongful Death Act bars recovery by Plaintiff because funds recovered to satisfy a wrongful death action in Illinois are not part of the decedent's estate, but are merely recovered by the administrator on behalf of the next of kin. Accordingly, funds allocated to a wrongful death action are not subject to claims of those entities, including Plaintiff, that have claims against the deceased's estate.

Plaintiff replies that ERISA preempts the Wrongful Death Act. Section 514(a) of ERISA provides that ERISA supercedes "any and all State laws insofar as they may now or hereafter relate to any employee benefit plan." 29 U.S.C. § 1144(a). A state law relates to an ERISA plan "if it has a connection with or reference to such a plan." *Shaw v. Delta Air Lines, Inc*., 463 U.S. 85, 97 (1983). Section 514 is a broadly worded and "clearly expansive" provision. *Egelhoff v. Egelhoff*, 532 U.S. 141, 147 (2001) (quoting *N.Y. State Conference of Blue Cross & Blue Shield Plan v. Travelers Ins. Co.*, 514 U.S. 645, 655 (1995)). Nevertheless, "the term 'relate to' cannot be taken 'to extend to the furthest stretch of its indeterminacy,' or else 'for all practical purposes pre-emption would never run its course.'" *Id*. (quoting *Travelers*, 514 U.S. at 655).

Although the Seventh Circuit Court has not yet addressed this issue, the Fourth Circuit Court of Appeals has decided leading cases pertaining to the issue of whether wrongful death

statutes "relate to" ERISA plans, such that employers may seek reimbursement from individuals who receive recoveries under such statutes. Plaintiff and Defendants both rely on Fourth Circuit authority to support their respective positions. In two cases, the Fourth Circuit considered whether ERISA preempted a state combined wrongful death and survival act statute. In *Liberty Corp. v. NCNB Nat'l Bank of S.C.*, 984 F.2d 1383 (4th Cir. 1993), the court found that "a damage claim [for wrongful death] under [the state statute] belonged *to the beneficiaries* of the deceased plan participant (damages typical of a wrongful death claim), [and thus the court] concluded that it was too remote to be 'related to' the plan and be preempted by ERISA." *McInnis v. Provident Life & Accident Ins. Co.*, 21 F.3d 586, 589 (4th Cir. 1994) (discussing holding of *Liberty Corp.*, 984 F.2d 1383). In contrast, the court held in *McInnis* that damages recovered as part of a settlement that clearly included claims belonging to the deceased and her estate were "related to" the employee benefit plan for the purposes of ERISA, and thus ERISA preempted the operation of the state statute as to the recovery of those damages. *Id.* at 590.

The Court agrees with the Fourth Circuit's reasoning. To the extent the Illinois Wrongful Death Act enables a close relative to recover for his or her own loss arising from the death of a plan participant, that claim is too remote to relate to a welfare benefit plan, and ERISA generally does not preempt the operation of the statute. To the extent that a claim arising under state law results in a recovery for a decedent or his estate[1], then the state law at issue could arguably relate to a welfare benefit plan and thus fall within the scope of ERISA's preemption. Here, the Illinois

---

[1] Unlike in North Carolina, in Illinois, the Wrongful Death Act (740 ILCS 180/1 *et seq.*) and the Survival Act (755 ILCS 5/27-6) are two separate statutes. In *McInnis*, the claims that belonged to the estate apparently arose as a result of survival act claims under that part of the combined wrongful death and survival act statute.

7

Wrongful Death Act expressly provides that recoveries under that act "shall be for the exclusive benefit of the surviving spouse and next of kin of such deceased person." 740 ILCS 180/2.

However, Defendants' argument is based on the premise that *all* the funds recovered from the settlements at issue constitute recoveries for wrongful death claims. Plaintiff alleges in its complaint only that Defendants have assigned or are attempting to assign a disproportionately large amount of the Estate's recoveries to claims for wrongful death. (#5, ¶ 18.) The complaint does not allege and the Court cannot determine that the only settlement recoveries at issue in this case constitute recoveries under the Wrongful Death Act. That factual issue is beyond the scope of a motion to dismiss. Therefore, at this time, the Court recommends denying the motion to dismiss the claims against Defendants on the basis of Defendants' Illinois Wrongful Death Act argument.

### C.  Motion To Strike Claim for Proceeds from Private Insurance Plan

Defendant next argues that Plaintiff cannot properly assert a claim against proceeds received under an insurance policy issued to Defendants as individuals. Specifically, Defendants state:

> In that [Defendants] are not plan beneficiaries, the plaintiff cannot impose terms, conditions and limitations against benefits received by virtue of their private separate agreement with an insurance carrier, and accordingly, paragraph 17 and all portions of the Amended Complaint seeking to recover as to the proceeds of [Defendants'] insurance policy must be stricken.

(#9, ¶ 4.)

Paragraph 17 of the Amended Complaint states in full:

> The Estate of Matthew Charles Wilhelm has brought a claim for underinsured motorists benefits against the Indiana Insurance Company under a policy issued to Gloria and Charles, and the insurer has offered to pay, and on information and belief is about to pay or has recently paid to the Estate of Matthew Charles Wilhelm policy limits of $500,000 in settlement of all its claims arising out of the accident.

(#5, ¶ 17.)

Courts may order stricken from any pleading material that is redundant, immaterial, impertinent, or scandalous. FED. R. CIV. P. 12(f). However, motions to strike are not favored. *See* 5A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure*, § 1380 (1990). As the Seventh Circuit has stated, "[t]he Rules of Civil Procedure make a complaint just the starting point. Instead of lavishing attention on the complaint until the plaintiff gets it just right, a district court should keep the case moving." *Bennett v. Schmidt*, 153 F.3d 516, 518 (7th Cir. 1998).

The language in Paragraph 17 clearly indicates that Defendants Charles and Gloria Wilhelm obtained the insurance policy in their individual capacities. In that capacity, Defendants are not participants or beneficiaries in the Plan. Furthermore, Plaintiff has alleged that the Plan expressly provides that the subrogation and reimbursement provisions apply to personal representatives. The Plan's subrogation and reimbursement provisions state: "[I]f the injury or condition giving rise to the subrogation or reimbursement involves the wrongful death of a Program beneficiary, this section applies to the *personal representative* of the deceased Program beneficiary." (#5, ¶¶ 18, 19) (emphasis added). That language does not apply to Defendants as individuals. Moreover, neither Matthew nor his Estate ever had a right to recovery under a policy that Defendants own in their individual capacities; that right to recovery belongs to Charles and Gloria Wilhelm as individuals. Thus, Defendants' argument may have merit.

However, Paragraph 17 and related allegation are not necessarily limited to claims against Defendants in their individual capacities. Given the traditional reluctance to strike portions of a plaintiff's complaint, the Court declines to fine-tune the complaint. Accordingly, the Court recommends denying the motion to strike Paragraph 17 and allegations related to proceeds of the insurance policy.

### D.  Request for Sanctions

Defendants ask the Court to enter sanctions against Plaintiff under Federal Rule of Civil Procedure 11 for naming Charles and Gloria Wilhelm individually as defendants. They contend

this claim is patently an attempt at harassment and intimidation without existing legal support. At this time, the Court declines to recommend Rule 11 sanctions against Plaintiff.

### IV. Summary

For the reasons set forth above, this Court recommends that the Rule 12(b)(6) Motion To Dismiss Defendants Charles Wilhelm and Gloria Wilhelm, Individually **(#9)** be **DENIED**.

The parties are advised that any objection to this recommendation must be filed in writing with the clerk within ten (10) working days after being served with a copy of this Report and Recommendation. *See* 28 U.S.C § 636(b)(1). Failure to object will constitute a waiver of objections on appeal. *Video Views, Inc. v. Studio 21, Ltd.*, 797 F.2d 538, 539 (7th Cir. 1986).

ENTER this 28th day of July, 2008.

    s/ DAVID G. BERNTHAL
    U.S. MAGISTRATE JUDGE