**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF ILLINOIS**
Urbana Division

| | |
|---|---|
| CATERPILLAR, INC., ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | |
| ) | Case No. 08-2020 |
| CHARLES WILHELM and ) | |
| GLORIA WILHELM, individually and as ) | |
| Administrator of the Estate of ) | |
| Matthew Charles Wilhelm, deceased, ) | |
| ) | |
| Defendants. ) | |

# REPORT AND RECOMMENDATION

In January 2008, Plaintiff Caterpillar Inc. filed a Complaint (#1) against Defendants Charles and Gloria Wilhelm, individually and as administrators of the estate of Matthew Charles Wilhelm, deceased. In February 2008, Plaintiff filed an Amended Complaint (#5). Federal jurisdiction is based on federal question pursuant to 28 U.S.C. § 1331 because the claim is brought under the Employee Retirement Income Security Act of 1974 (29 U.S.C. § 1132(e)(1)) (hereinafter "ERISA").

Defendants filed a Rule 12(b)(6) Motion To Dismiss by Estate of Matthew Charles Wilhelm (#12) in March 2008. Defendants separately filed a Rule 12(b)(6) Motion To Dismiss Defendants Charles Wilhelm and Gloria Wilhelm, Individually (#9), in March 2008. After reviewing the parties' pleadings and memoranda, this Court recommends, pursuant to its authority under 28 U.S.C. § 636(b)(1)(B), that the Rule 12(b)(6) Motion To Dismiss by Estate of Matthew Charles Wilhelm **(#12)** be **DENIED**.

### I. Background

Plaintiff alleged the following information in its amended complaint. Plaintiff is the sponsor and Plan Administrator of a self-funded health benefit plan (hereinafter the "Plan"). (#5, ¶ 1.) The Plan is an "employee welfare benefit plan" within the meaning of Section 3(1) of ERISA (29 U.S.C. § 1002(1)). (#5, ¶ 3.) Defendants are parents of the decedent,

Matthew Charles Wilhelm (hereinafter "Matthew"). (#5, ¶ 2.) Matthew was a participant of the Plan within the meaning of Section 3(7) of ERISA (29 U.S.C. § 1002(7)) for the relevant time period. (#5, ¶ 4.) Matthew was at material times eligible to receive and did receive benefits under the terms of the Plan and was a beneficiary of the Plan within the meaning of Section 3(8) of ERISA (29 U.S.C. § 1002(8)). (#5, ¶ 4.)

In September 2006, Matthew was riding a bicycle when an automobile driven by Jennifer Stark struck him. He was hospitalized with severe injuries and underwent surgery, but subsequently died as a result of his injuries. (#5, ¶ 10.) Ms. Stark's negligence proximately caused Matthew's injuries. (#5, ¶ 11.) Defendants, as parents and next friend of Matthew Charles Wilhelm, as administrators of the Estate of Matthew Charles Wilhelm (hereinafter "the Estate"), and/or individually, filed claims or caused claims for medical benefits to be filed against the Plan. (#5, ¶ 13.) Pursuant to the Plan's terms, Matthew received medical benefits totaling $72,799.79 for medical expenses incurred in treating the injuries that he sustained in the accident. (#5, ¶¶ 13-14.)

At all material times, the Plan contained subrogation and reimbursement provisions. (#5, ¶ 15.) The Plan's provisions state: "[I]f the injury or condition giving rise to subrogation or reimbursement involves the wrongful death of a Program beneficiary, this section applies to the personal representative of the deceased Program beneficiary." (#5, ¶ 19.) Ms. Stark's insurance was insufficient "to cover the damages sustained by Matthew in the accident," and her insurer has paid or will soon pay policy limits in the amount of $100,000 to the Estate in settlement of all claims arising out of the accident. (#5, ¶ 16.) The Estate has also brought a claim for underinsured motorists benefits against the Indiana Insurance Company under a policy issued to Charles and Gloria Wilhelm. This insurer has paid or will soon pay policy limits of $500,000 in settlement of all its claims arising out of the accident. (#5, ¶ 17.)

Plaintiff brings this action pursuant to Section 502(a)(3) of ERISA (29 U.S.C. § 1132(a)(3)) to enjoin acts and/or practices that violate the terms of the Plan, and to obtain appropriate equitable relief. (#5, ¶ 5.) Specifically, Plaintiff seeks a constructive trust in the

amount of $72,799.79 on funds paid to Defendants as compensation for injuries caused by acts of a third party.  (#5, ¶ A.)  Plaintiff alleges that subrogation and reimbursement provisions of the Plan mandate reimbursement from any recovery made as compensation for injuries caused by the acts of a third party.  (#5, ¶ 18.)  Defendants dispute their obligation to adhere to the Plan, and they refuse to make this reimbursement in their capacity as individuals or in their capacity as administrators of the estate.  (#5, ¶ 18.)  Plaintiff also seeks a judgment against Defendants in the amount of $72,799.79.  (#5, p. 6.)

Plaintiff also asks the Court to enjoin Defendants from interfering with the Plan's right to reimbursement and/or characterizing amounts received by the Estate as recoveries on claims for wrongful death for the purpose of unlawfully defeating the Plan's right to reimbursement.  (#5, p. 6.)  Plaintiff alleges that, rather than honoring the Plan's subrogation and reimbursement provisions, Defendants have assigned or are attempting to assign a disproportionately large amount of the Estate's recoveries to claims for wrongful death that allegedly accrued in their favor upon the death of Matthew.  (#5, ¶ 18.)

## II.  Standard

A motion to dismiss for failure to state a claim tests the sufficiency of the complaint; it does not decide the merits.  *Gibson v. City of Chi.*, 910 F.2d 1510, 1520 (7th Cir. 1990).  On a motion to dismiss, the Court treats all well-pleaded allegations in the complaint as true, and grants all reasonable inferences in the plaintiff's favor.  *McMillan v. Collection Prof'ls, Inc.*, 455 F.3d 754, 758 (7th Cir. 2006); *see Bell Atl. Corp v. Twombly*, — U.S. —, 127 S. Ct. 1955, 1965 (2007) (requiring plausible grounds for inferences if those inferences are to sustain a complaint).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief."  FED. R. CIV. P. 8(a)(2).  The United States Supreme Court has interpreted this language to impose two "easy-to-clear hurdles":  First, the plaintiff must plead sufficient facts to give fair notice of the claim and the ground upon which it rests, and second, those facts, if true, must plausibly suggest that the plaintiff is entitled to relief,

"raising that possibility above a 'speculative level'." *E.E.O.C. v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776-77 (7th Cir. 2007) (citing *Bell Atl.*, 127 S. Ct. at 1965, 1973 n.14).

*Bell Atlantic* did not eliminate the liberal federal notice pleading standard. *Airborne Beepers & Video, Inc. v. AT&T Mobility LLC*, 449 F.3d 663, 667 (7th Cir. 2007). A complaint still need not contain detailed factual allegations. *Bell Atl.*, 127 S. Ct. at 1964. It is still true that "[a]ny district judge (and for that matter, any defendant) tempted to write 'this complaint is deficient because it does not contain . . .' should stop and think: What rule of law *requires* a complaint to contain that allegation?" *Doe v. Smith*, 429 F.3d 706, 708 (7th Cir. 2005). Nevertheless, a complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl.*, 127 S. Ct. at 1965. If the factual detail of a complaint is "so sketchy that the complaint does not provide the type of notice of the claim to which the defendant is entitled under Rule 8," it is subject to dismissal. *Airborne Beepers*, 499 F.3d at 667.

### III. Analysis

Defendants, in their role as administrators for Matthew's estate, have filed a motion to dismiss. Thus, the issue before the Court is whether the facts in the complaint, if true, plausibly suggest that Plaintiff is entitled to relief from Defendants in their capacity as administrators of the Estate, as opposed to their individual capacities. This recommendation addresses *only* the arguments as to Defendants in their capacity as administrators of the Estate (hereinafter "Defendants" refers to Defendants in their capacity as administrators).

Defendants argue that the Court should dismiss the claims against them because Plaintiff did not plead that it provided Matthew with a summary plan description, the Illinois Wrongful Death Act bars Plaintiff from recovery, and Plaintiff's complaint constitutes a collateral attack on a valid state order. Defendants provided factual evidence outside of the complaint in support of their arguments. The Court did not consider any of this material in evaluating the motion to dismiss.

### A. Summary Plan Description

Defendants first argue that Plaintiff's complaint is defective because Plaintiff fails to allege it gave Matthew a Summary Plan Description (hereinafter "SPD"), and that Plaintiff must prove Matthew received a SPD in order for the Plan to have effect. Defendants contend that, absent the allegations of delivery and attachment of the documents, the complaint is defective as to proceeds recovered from third party tortfeasors that are the property of the Estate. Furthermore, Defendants contend that Plan participants who are not provided with an SPD may seek "appropriate equitable relief" under 29 U.S.C. § 1132(a)(3), and therefore equity dictates that Plaintiff should be enjoined from enforcing subrogation rights. (#13, p. 3.) Plaintiff responds that, under Federal Rule of Civil Procedure 8(a)(2), it is not required to plead that it delivered a SPD to Matthew. (#22, p.12).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). Plaintiff must plead facts sufficient to give fair notice of the claim and the grounds upon which it rests. *Concentra Health Servs.,* 496 F.3d at 776-77 (citing *Bell Atl.*, 127 S. Ct. at 1965, 1973 n.14). A complaint need not contain detailed factual allegations. *Bell Atl.*, 127 S. Ct. at 1964. For a claim to be dismissed for failing to allege a certain fact, there must be a rule of law that requires the complaint to contain that allegation. *Doe v. Smith*, 429 F.3d 706, 708 (7th Cir. 2005).

Here, Plaintiff has clearly stated in its complaint the statute giving rise to this action and the remedy sought. Plaintiff included in the text of the complaint Plan provisions that it considered pertinent, and attached a detailed document describing the Plan. Furthermore, although Defendants' memorandum cites a rule of law under which plan participants may bring an action if they are entitled to equitable relief due to failure of an employer to provide an SPD, Defendants do not cite any authority supporting the premise that Plaintiff must allege facts regarding whether it provided Matthew with a SPD in this case.

Based on federal notice pleading standards, Plaintiff's complaint provides facts sufficient to give fair notice of the claim and the ground upon which it rests. Accordingly, the Court recommends denying the motion to dismiss on this basis.

### B. Wrongful Death Proceeds

Defendants next argue that the Court should dismiss Plaintiff's claim against Defendants because it asserts a claim against funds received under the Illinois Wrongful Death Act (740 ILCS 180/1, *et seq*.). A claim brought pursuant to the Wrongful Death Act must be brought by the personal representative of the deceased, and "the amount recovered in any such action shall be for the exclusive benefit of the surviving spouse and next of kin of such deceased person." 740 ILCS 180/2. Defendants contend that the Wrongful Death Act bars recovery by Plaintiff because funds recovered to satisfy a wrongful death action in Illinois are not part of the decedent's estate, but are merely recovered by the administrator on behalf of the next of kin. Accordingly, funds allocated to a wrongful death action are not subject to claims of those parties, including Plaintiff, who have claims against the deceased's estate.

Plaintiff replies that ERISA preempts the Wrongful Death Act. Section 514(a) of ERISA provides that ERISA supercedes "any and all State laws insofar as they may now or hereafter relate to any employee benefit plan." 29 U.S.C. § 1144(a). A state law relates to an ERISA plan "if it has a connection with or reference to such a plan." *Shaw v. Delta Air Lines, Inc.*, 463 U.S. 85, 97 (1983). Section 514 is a broadly worded and "clearly expansive" provision. *Egelhoff v. Egelhoff*, 532 U.S. 141, 146 (2001) (quoting *N.Y. State Conference of Blue Cross & Blue Shield Plan v. Travelers Ins. Co.*, 514 U.S. 645, 655 (1995)). Nevertheless, "the term 'relate to' cannot be taken 'to extend to the furthest stretch of its indeterminacy,' or else 'for all practical purposes pre-emption would never run its course.'" *Id*. (quoting *Travelers*, 514 U.S. at 655).

Plaintiff does not argue that ERISA preempts the Illinois Wrongful Death Act in all circumstances, but only in the circumstances of this case. Here, Plaintiff alleges that Defendants, in their capacity as administrators, are subject to the Plan's subrogation provisions.

Furthermore, in that capacity, they have frustrated Plaintiff's proper attempts to seek reimbursement for Matthew's personal injury claim by assigning a disproportionately large amount of the Estate's recoveries to claims for wrongful death. Plaintiff argues that under this circumstance, ERISA preempts the Illinois Wrongful Death Act.

"The purpose of a motion to dismiss is to test the sufficiency of the complaint, not to decide the merits." *Triad Assocs., Inc. v. Chi. Housing Auth.*, 892 F.2d 583, 586 (7th Cir. 1989). The question of whether ERISA preempts the Illinois Wrongful Death Act in the circumstances presented here goes to the merits of the claims. Defendants point out that the Seventh Circuit has yet to address a factual situation analogous to the one at bar, and Plaintiff's response does not cite controlling authority on this issue. Therefore, the Court concludes that the issue of whether ERISA preempts the Illinois Wrongful Death Act in the circumstances presented here should not be determined at the motion to dismiss stage.

Furthermore, Defendants' argument is based on the premise that *all* the funds recovered from the settlements at issue constitute recoveries for wrongful death claims. Plaintiff alleges in its complaint only that Defendants have assigned or are attempting to assign a disproportionately large amount of the Estate's recoveries to claims for wrongful death. (#5, ¶ 18.) The complaint does not allege and the Court cannot determine that the only settlement recoveries at issue in this case constitute recoveries under the Wrongful Death Act. That factual issue is beyond the scope of a motion to dismiss. Therefore, at this time, the Court recommends denying the motion to dismiss the claims against Defendants on the basis of the Illinois Wrongful Death Act.

### C.  Collateral Attack on Valid State Order

Defendants next argue that Plaintiff's suit is an improper collateral attack on the probate court's allocation of settlement funds, because the probate court approved a settlement agreement reached between Defendants and Ms. Stark's insurance company. In support, Defendants rely on factual material that the Court cannot consider at this stage.

Plaintiff responds that this suit is not an improper collateral attack because Plaintiff is not seeking to reverse the probate court's order. Rather, Plaintiff contends that it is properly seeking reimbursement from proceeds awarded to Defendants under the order of the probate court.

The Seventh Circuit has consistently held that a complaint purporting to state a claim for equitable relief under a reimbursement clause in a benefits contract is an equitable claim for purposes of ERISA. *Admin. Comm. v. Gauf*, 188 F.3d 767, 771 (7th Cir. 1999). Here, the complaint alleges that the Estate must reimburse the Plan for benefits it provided, and Plaintiff is seeking equitable relief to obtain this reimbursement. (#5, ¶¶ 22, 5). Accordingly, the Court concludes that Plaintiff's complaint does not present an inappropriate collateral attack of a state order; rather, Plaintiff has properly brought an equitable claim for reimbursement. Therefore, the Court recommends denying the motion to dismiss this claim on the basis that it is an improper collateral attack on a state order.

### IV. Summary

For the reasons set forth above, this Court recommends that the Rule 12(b)(6) Motion To Dismiss by Estate of Matthew Charles Wilhelm **(#12)** be **DENIED**.

The parties are advised that any objection to this recommendation must be filed in writing with the clerk within ten (10) working days after being served with a copy of this Report and Recommendation. *See* 28 U.S.C § 636(b)(1). Failure to object will constitute a waiver of objections on appeal. *Video Views, Inc. v. Studio 21, Ltd.*, 797 F.2d 538, 539 (7th Cir. 1986).

ENTER this 28th day of July, 2008.

                                                       s/ DAVID G. BERNTHAL
                                                       U.S. MAGISTRATE JUDGE